NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

SYLVIA CARBALLO,

               Plaintiff,

     v.

MARY KAY, INC. *et al.*,

               Defendants.

Civ. No. 20-1630

**OPINION**

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court upon a request to remand this case by Plaintiff Sylvia Carballo ("Plaintiff"). (ECF No. 3.) Defendants do not oppose. (ECF Nos. 3-9, 3-10, 3-11.) The Court has decided this matter based upon the written submissions of the parties and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Plaintiff's request to remand is granted.

## BACKGROUND

Plaintiff filed the Complaint on January 31, 2020 in the Superior Court of New Jersey, Law Division, Middlesex County. (Notice of Removal ¶ 5, ECF No. 1.) On February 14, 2020, Defendant Mary Kay, Inc. ("Mary Kay") removed this action to this Court. (ECF No. 1.) On February 27, 2020, Plaintiff filed a letter requesting that the Court remand this case to the Superior Court of New Jersey. (ECF No. 3.) Plaintiff also submitted e-mail correspondence to the Court indicating that Defendants did not oppose Plaintiff's request. (ECF Nos. 3-9, 3-10, 3-11.) On March 2, 2020, Defendant Mary Kay submitted a letter to the Court confirming that it

did not oppose Plaintiff's request. (ECF No. 4.) Plaintiff's request to remand is presently before the Court.

## LEGAL STANDARD

A defendant may remove a civil action filed in state court to the federal court where the action might originally have been brought. 28 U.S.C. § 1441(a). However, the federal court to which the action is removed must have subject-matter jurisdiction. *Id.* Federal district courts have subject-matter jurisdiction based on diversity when the action arises between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). To establish complete diversity of citizenship between the parties, each plaintiff must be a citizen of a different state from each defendant. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Under the "forum defendant rule," "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c).

## DISCUSSION

Defendant Mary Kay's removal of this matter was premised on diversity of the parties. (Notice of Removal ¶ 10.) For the purposes of diversity jurisdiction, Defendants Johnson & Johnson, Inc. and Johnson & Johnson Consumer Companies, Inc. are citizens of New Jersey. (*See id.* ¶¶ 18–19.) They were joined in this action and served as of January 31, 2020, when this action was still in state court and before Defendant Mary Kay removed this action on February

14, 2020. (Affs. of Service at 2, ECF Nos. 3-3, 3-4;[1] *see also* O'Connor Certification ¶ 12, ECF No. 4-1 (indicating that Defendants Johnson & Johnson, Inc. and Johnson & Johnson Consumer Companies, Inc. would not challenge service of the Complaint).) Because Defendant Mary Kay's removal was not allowable under the forum defendant rule, this Court lacks subject-matter jurisdiction. Therefore, the Court will remand this case to the Superior Court of New Jersey, pursuant to 28 U.S.C. § 1447(c).

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's request to remand this case (ECF No. 3) is granted. An appropriate Order will follow.

Date: <u>March 16, 2020</u>                    */s/ Anne E. Thompson*
                                        ANNE E. THOMPSON, U.S.D.J.

---

[1] The page numbers to which the Court refers when citing these documents are the CM/ECF page numbers.